UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREAM ABDUL ELLINGTON,

                    Plaintiff,

          -against-

THE NEW YORK STATE DEPART OF LABOR,

                    Defendant.

1:21-CV-7586 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Kaream Abdul Ellington, a citizen of the State of New York who appears *pro se*, filed this action invoking the Court's diversity jurisdiction. He sues the New York State Department of Labor and seeks $6,660,000 in damages.

      By order dated September 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reason set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the New York State Department of Labor ("DOL") owes him a debt, and because of its failure to pay him that debt, DOL is in default and liable to Plaintiff in the amount of $6,660,000. Attachments to Plaintiff's complaint show that Plaintiff believes that DOL owes this debt to him because of its alleged failure to provide him with pandemic unemployment assistance benefits as well as other unemployment benefits. Plaintiff invokes the Court's diversity jurisdiction and sues DOL because of its breach of its alleged obligation to provide him with those benefits.

## DISCUSSION

**A.** **The Eleventh Amendment**

The Court must dismiss Plaintiff's claims against DOL under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims brought against them in the federal courts for money damages, injunctive relief, and retrospective declaratory relief, *see Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984), including claims brought under diversity jurisdiction, *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("*Seminole Tribe*") ("[T]he text

of the [Eleventh] Amendment would appear to restrict . . . the Article III diversity jurisdiction of the federal courts."); *Halderman*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citing cases).

"DOL is [an] arm of the State of New York." *Hardy v. New York State Dep't of Labor*, No. 1:19-CV-5291, 2019 WL 5693506, at *2 (S.D.N.Y. Nov. 1, 2019). Congress has not abrogated the States' Eleventh Amendment immunity with regard to claims brought against States under diversity jurisdiction. Congress lacks the authority to do so; it may only abrogate a State's Eleventh Amendment immunity in order to enforce the provisions of the Fourteenth Amendment. *See Burnette v. Carothers*, 192 F.3d 52, 59 (2d Cir. 1999) (citing *Seminole Tribe*, 517 U.S. at 65-66). Moreover, the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Thus, DOL enjoys Eleventh Amendment immunity. *See Hardy*, 2019 WL 5693506, at *2. The Court therefore dismisses this action because of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     The Court denies Plaintiff leave to amend his complaint**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action because of Eleventh Amendment immunity. 28 U.S.C.

§ 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

 Dated:   September 27, 2021
             New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge